[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the latest of a long series of disputes with regard to the custody and parental access of two minor children.
This matter started by a writ claiming a dissolution of marriage which was filed on or about September 10, 1997. The parties had married in 1994. The children were born in 1994 and 1997. Judgment dissolving the marriage was entered on September 15, 1999. Subsequent to the judgment, there have been many motions, orders, and other pleadings having to do with the custody and access of their minor children. Motions were filed in June 2000, December 2000, March 2001, May 2001, July 2001, January 2002, February 2002, March 2002, April 2002, August 2002, September 2002, and October 2002. The file at present contains nearly 100 entries.
The parties have had three evaluations by Dr. Kenneth Robson, have had intervention by Dr. Zimmerman, have had the long-standing involvement of Attorney Frank Santy as the guardian ad litem and have progressed through a number of proceedings with different counsel and more recently with one of the parties appearing pro se.
Dr. Robson completed his initial study May 20, 1999. A second study was dated January 10, 2000, and the latest in the series is dated August 15, 2002. A reading of the studies shows that the parties have developed in a positive way their respective relationships with the children. Sadly, the studies also indicate that little if anything has changed from the time of the initial pleadings between the parties themselves.
In essence, the problems have been and continue that the plaintiff Rhonda Lackow views the defendant as an inadequate, negligent, care giver. The defendant Howard Lantner views the plaintiff as anxious and overly protective. There is mutual distrust and a mutual lack of respect. In addition, there is a palpable animosity between them. The reports, testimony and pleadings subsequent to the initial judgment evidence a continuing tug of war with respect to the minor children. CT Page 2870
The latest series of events comes after an order of the court dated July 9, 2001 which outlined summer visitation. On or about January 15, 2002, the defendant Mr. Lantner filed a motion for summer access. That motion was immediately followed by a motion to modify visitation/access dated January 24, 2002 by the plaintiff. The plaintiff's motion indicated her intention to move herself and the children from West Hartford to Ridgefield, Connecticut. There is disagreement as to the extent to which the plaintiff notified the interested parties in this matter of her move. There is even greater dispute as to her motivations in making this move. Dr. Kenneth Robson, in his latest update in this matter, made the observation that "Rhonda Lackow's abrupt and unannounced move to Ridgefield did not, in my opinion, serve the children's best interests and was based upon her own needs rather than theirs . . . This moveclearly considered neither the feelings of the children nor Howard Lantner's predictable response . . ."
The plaintiff did indeed change her residence, and as such the primary residence of the children. The move prompted changes in the access of the defendant that the plaintiff had not been able to accomplish by other means. However, Dr. Robson observed that the fact that the move puts distance between the parties may be of some advantage. This observation is astute, and one in which the court concurs.
The court further concurs with the opinion of Dr. Robson that "Rhonda and Howard should cease attempting to work together and should practice, in effect, secure parallel parenting whenever possible." This conclusion is based upon the observation that co-parenting has been tried and has failed. That observation should be obvious to all at this stage of the proceedings.
Accordingly, the court enters the following orders with respect to the custody and parenting plan in this matter:
The parties shall share joint legal custody of the minor children.
During the school year, the primary physical residence of the parties shall be with the plaintiff mother. The father shall enjoy access on the first, third and fifth weekends of each month. Those weekends shall commence from Friday after school until Sunday at 7:00 p.m. For those weekends which include a Monday holiday, the weekend visitation shall be extended until Monday at 7:00 p.m. If either Saturday or Sunday fall on the 1st day of the calendar month, that shall be the first weekend of the month for purposes of this order. CT Page 2871
The defendant shall enjoy access to the children one day during the week on either a Wednesday or Thursday from the period after school until 7:30 p.m. He should provide one week advance notice to the plaintiff of the schedule.
During the school year transportation for visitation shall be provided by the plaintiff.
During the summer school vacation of the children, the primary physical residence of the children shall be held by the defendant father. That period shall commence on June 25 in 2003 or the day following the last day of the academic term, whichever is earlier. In years following, the summer shall commence the Saturday following the last day of school. The summer shall extend until three days prior to the first day of the school year.
During the summer months, the plaintiff shall enjoy alternate weekend access from Friday at 4:00 p.m. until Monday at 8:00 a.m. The weekend access shall start the second full weekend following the beginning of the father's summer access.
During the school year, the children's activities will be determined by the plaintiff mother. During the summer, those activities will be determined by the defendant father.
During the summer months, the transportation shall be provided by the parent with whom the children are in residence.
Each parent shall enjoy two weeks of vacation with the children during the summer. Notice shall be exchanged of the parents' choice and schedule on or before May 10 of each year. The plaintiff is to have the choice of dates in even-numbered years, and the defendant in odd-numbered years. The scheduled camp activities shall take precedence over planned summer vacations.
Any prolonged or extended activities scheduled for the children such as summer camps, sporting, or cultural events or classes shall be provided as soon as possible. A schedule of activities for the school year should be provided on or before August 1st of each year. For activities scheduled for summer, a schedule of those activities shall be provided on or before May 1st of each year.
The parties shall alternate the Passover, Yom Kippur, Rosh Hashanah and Thanksgiving holidays in each year. The Passover, Yom Kippur and Rosh Hashanah holidays shall commence at 4:00 p.m. on the first day of the CT Page 2872 holiday, continue for two overnights, and shall end the next morning at either 8:00 a.m. or at the commencement of school. The Thanksgiving holiday shall commence the Wednesday prior to Thanksgiving at 4:30 p.m. and shall continue until Friday at 9:00 a.m. The mother shall have Passover and Yom Kippur in 2003. The father shall have Rosh Hashanah and Thanksgiving in 2003. The parties shall alternate on an annual basis.
The Chanukah holiday shall be shared in the following way:
If it falls during the school calendar, the plaintiff mother will have the school days of the holiday and the father shall enjoy the weekend days, including Friday after school even if it is not his scheduled weekend. If the holiday falls during the Christmas school recess, the Christmas recess schedule shall supercede.
The parents shall alternate the Christmas and spring school vacations. The defendant father shall enjoy the spring vacation for 2003, and the plaintiff mother shall enjoy the Christmas 2003 vacation. Christmas shall be from 4:30 p.m. on the day of school recess until 7:00 p.m. on the evening prior to the recommencement of schools. Spring vacation shall be for seven days and include the weekend.
The holiday schedule shall supercede the normal access and weekend schedule. Transportation during the holiday schedule shall be in the same manner as during the summer vacation.
Each child shall be with their mother each Mother's Day and with their father each Father's Day. Those days shall be from 9:00 a.m. until 7:00 p.m.
The issue of fees related to this series of motions shall be addressed in a separate decision.
 BY THE COURT ANTONIO C. ROBAINA, J.
CT Page 2873